# UNITED STATES DISTRICT COURT

## Southern District of Florida

Case Number: 04-80335-CIV-HURLEY/HOPKINS

BANK OF AMERICA, N.A.

Plaintiff

v.

The Vessel, TIFFISH, etc., et al.

Defendant

05-mc-10112

## CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT

I, __Clarence Maddox__, Clerk of the United States district court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on __January 10, 2005__, as it appears in the records of this court, and that

* no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court.

MAR - 3 2005
Date

Clarence Maddox
Clerk

(By) Deputy Clerk

*Insert the appropriate language: . . . "no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.". . . "no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." . . . "an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]." . . . "an appeal was taken form this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filling a notice of appeal.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:04-80335-CIV-(HURLEY/HOPKINS)
IN ADMIRALTY

FILED
CLERKS OFFICE
2005 MAR -7 P 1:14
U.S. DISTRICT COURT
DISTRICT OF MASS.

BANK OF AMERICA, N.A.,

    Plaintiff,

v.

The Vessel, TIFFISH, along with her engines, machinery, sails, rigging, auxiliary boats, anchors, chains, tackle, apparel, furniture, fittings, fixtures, tools, pumps, radar and other electronic equipment, and all fishing equipment and other attachments, accessories, supplies and necessaries of all kinds, having Official No. 1098764 in rem; JOHN H. TESELL, in personam, and DEBRA TESELL, in personam,

    Defendants._____/

FILED by _____ D.C.
JAN 10 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

05-MC-10112

## AMENDED FINAL JUDGMENT [DE #43] is GRANTED.

THIS CAUSE, having come before the Court on Plaintiff's Motion for Entry of Amended Final Judgment, the Court having examined the pleadings on file, and being otherwise fully advised in the premises, it is hereby,

ORDERED and ADJUDGED that Amended Final Judgment of Foreclosure is hereby entered in favor of BANK OF AMERICA, N.A. with respect to the Vessel, TIFFISH, along with her engines, machinery, sails, rigging, auxiliary boats, anchors, chains, tackle, apparel, furniture, fittings, fixtures, tools, pumps, radar and other electronic equipment, and all fishing equipment and other attachments, accessories, supplies and necessaries of all kinds, having Official No. 1098764 in rem, and it is further,

**EXHIBIT "B"**

CASE NO:    04-80335
CIV-HURLEY/HOPKINS

ORDERED AND ADJUDGED as follows:

1.     BANK OF AMERICA, N.A. is due the following amounts:

| | |
|---|---:|
| Principal | $ 794,409.96 |
| Interest as of 04/01/04 | 25,068.80 |
| Interest from 04/02/04 - 11/10/04 (223 days) Calculated at the default rate of 25% per annum with a per diem of $544.12 | 121,338.76 |
| Substitute Custodian Fees and Costs as of 11/10/04 | 23,595.76 |
| **TOTAL** | **$ 964,413.28** |

This Judgment shall accrue interest at the rate of Seven Percent (7%) per annum pursuant to Florida Statute, § 55.03.

2.     A Final Deficiency Judgment is hereby entered in favor of Plaintiff, BANK OF AMERICA, N.A., and against the Individual Defendants, JOHN H. TESELL and DEBRA TESELL, based upon their default under the terms of the Settlement Stipulation. Plaintiff shall have and recover of and from the Defendants, JOHN H. TESELL and DEBRA TESELL, jointly and severally, the total sum of Three Hundred Fourteen Thousand Four Hundred Thirteen Dollars and Twenty Eight Cents ($314,413.28), representing the difference between the total amount due Plaintiff, pursuant to paragraph 1 above, less the stipulated value of the Vessel in the amount of Six Hundred and Twenty Five Thousand ($625,000.00) Dollars and less the Twenty Five Thousand ($25,000.00) Dollars previously paid.

Scanned Image - 9:04CV80335 Document 44 page 2 Thu Jan 27 22:19:44 2005

CASE NO:    04-80335
CIV-HURLEY/HOPKINS

3.  Plaintiff holds a lien for the total sum set forth in paragraph 1 above, superior to any claim or estate of Defendants, on the Defendant Vessel, TIFFISH.

4.  If the total sum with interest at the rate described in paragraph 1 above is not paid, the Substitute Custodian, Bradford Marine, Inc., is hereby authorized and directed to sell the Defendant Vessel, TIFFISH, at a public sale on February 16, 2005 at 11:00 a.m. to the highest bidder for cash, except as prescribed in paragraph 5, at the premises of Bradford Marine, Inc., 3051 State Road 84, Fort Lauderdale, Florida 33312, in accordance with Admiralty and Maritime Rule E(17), Fed.R.Civ.P.

5.  BANK OF AMERICA, N.A. shall advance all subsequent costs of this action and shall be reimbursed for them by the Substitute Custodian if Plaintiff is not the purchaser of the Defendant Vessel, TIFFISH. If Plaintiff is the purchaser, the Substitute Custodian shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this Amended Judgment, or such part of it, as is necessary to pay the bid in full.

6.  The person whose bid is accepted shall immediately deposit with the Substitute Custodian $500.00, or 10% of the bid, whichever sum is greater. Thereafter the bidder shall deliver to the Substitute Custodian the remaining purchase price within three (3) working days.

If an objection to the sale is filed within the time permitted by Local Admiralty Rule E(17)(g), Fed.R.Civ.P., the successful bidder is excused from paying the remaining purchase price until three (3) working days after the Court confirms the sale.

CASE NO:     04-80335
CIV-HURLEY/HOPKINS

Payments to the Substitute Custodian shall be made in cash, certified check or cashier's check.

In the event a successful bidder fails to pay the balance of the bid within the time specified herein, the Substitute Custodian shall charge the successful bidder for the cost of keeping the property from the date payment of the balance was due, to the date the bidder pays the balance of the bid and takes delivery of the property.

The Substitute Custodian may refuse to release the property until these additional charges have been paid.

The person who fails to pay the balance of the bid within the time allowed shall be deemed to be in default. Thereafter the Plaintiff may elect to have the Substitute Custodian award the sale to the second highest bidder, or may request the Substitute Custodian to conduct a new sale, as appropriate.

Any sum deposited by the bidder in default shall be forfeited, and the amount shall be applied by the Substitute Custodian to any additional costs incurred because of the forfeiture and default, including costs incident to resale. The balance of the deposit, if any, shall be retained by the Substitute Custodian subject to further order of the Court.

At the conclusion of the sale, the Substitute Custodian shall file a written report of the sale to include the date of the sale, the price obtained, and the name and address of the buyer.

4

CASE NO:    04-80335
CIV-HURLEY/HOPKINS

Unless an objection is timely filed in accordance with Local Admiralty Rule E(17)(f), Fed.R.Civ.P., or the purchaser is in default for failing to pay the balance of the purchase price, Plaintiff shall proceed to have the sale confirmed on the day following the last day for filing objections.

An objection to sale must be filed within three (3) working days following the sale. The party or person filing an objection shall serve a copy of the objection upon the Substitute Custodian and all other parties to the action, and shall also file a Certificate of Service indicating the date and manner of service.

In addition to filing written objections, any person objecting to the sale shall also deposit with the Substitute Custodian the cost of keeping the property for at least seven (7) days.

Claims against the proceeds of a sale authorized by the foregoing, except for seamen's wages, will not be admitted on behalf of lienors who file their claims after the sale.

7.   On confirmation of the sale, the Substitute Custodian shall distribute the proceeds of the sale, so far as they are sufficient, by paying the total sum due to Plaintiff, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

8.   Upon confirmation of the sale, Defendants and all persons claiming under or against Defendants shall be foreclosed of all estate or claim in the Defendant Vessel and the purchaser at the sale shall be let into possession of the Defendant Vessel.

CASE NO:  04-80335
CIV-HURLEY/HOPKINS

9. Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, writs of possession and deficiency judgments.

DONE and ORDERED in Chambers, at West Palm Beach, Palm Beach County, Florida on the 10th day of January, 2005.

_____
DISTRICT COURT JUDGE

Copies furnished to:
Frank J. Sinagra, Esq.
Theresa Bennett, Esq.

Certified to be a true and correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date FEB 2 3 2005

6